# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

UNITED STATES OF AMERICA
V.
NORMAN BOWSER

**JUDGMENT IN A CRIMINAL CASE**

Case Number: DPAE2:10CR000423-001

USM Number: 65718-066

Roland Jarvis, Esq.
Defendant's Attorney

**THE DEFENDANT:**

X pleaded guilty to count(s) 1,3, and 5 of the Indictment.

☐ pleaded nolo contendere to count(s) ______ which was accepted by the court.

☐ was found guilty on count(s) ______ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense | Count |
|---|---|---|---|
| 18:1029 | Conspiracy to commit access device fraud | 11/1/2000 | 1 |
| 18:1029; 2 | Access device fraud; aiding and abetting | 12/8/2009 | 3 |
| 18:1028(A)(a)(1); (c)(4) | Aggravated identity theft | 12/8/2009 | 5 |

The defendant is sentenced as provided in pages 2 through ______ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ______

x Count(s) 2 and 4 ☐ is x are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 23, 2010
Date of Imposition of Judgment

Jan E. DuBois
Signature of Judge

Jan E. DuBois, U.S.D.J.
Name and Title of Judge

November 23, 2010
Date

DEFENDANT: NORMAN BOWSER
CASE NUMBER: DPAE2:10CR000423-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Two (2) months on Counts One and Three of the Indictment, such terms to be served concurrently, and to a consecutive term of imprisonment of Twenty-Four (24) months on Count Five of the Indictment, for a total term of imprisonment on Counts One, Three and Five of the Indictment of twenty-six (26) months.

**The court makes the following recommendations to the Bureau of Prisons:**

That defendant be designated to an institution in close proximity to Philadelphia, Pennsylvania, where his family resides.

X **The defendant is remanded to the custody of the United States Marshal.**

☐ **The defendant shall surrender to the United States Marshal for this district:**

- ☐ **a** ______________ ☐ **a.m.** ☐ **p.m.** **on** ______________________ .
- ☐ **as notified by the United States Marshal.**

☐ **The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:**

- ☐ **before 2 p.m.** ______________________ .
- ☐ **as notified by the United States Marshal.**
- ☐ **as notified by the Probation or Pretrial Services Office.**

# RETURN

**I have executed this judgment as follows:**

**Defendant delivered** ______________________ **to** ______________________

**at** ______________________ **, with a certified copy of this judgment.**

______________________
**UNITED STATES MARSHAL**

**By** ______________________

DEFENDANT: NORMAN BOWSER
CASE NUMBER: DPAE2:10CR000423-001

## SUPERVISED RELEASE

**Upon release from imprisonment, the defendant shall be on supervised release for a**

For terms of three (3) years on Counts One and Three of the Indictment, such terms to be served concurrently, and to a concurrent term of one (1) year of supervised release on Count Five of the Indictment.

**The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.**

**The defendant shall not commit another federal, state or local crime.**

**The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.**

☐ **The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)**

X **The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if**

X **The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)**

**The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or student, as directed by the probation officer. (Check, if applicable.)**

☐ **The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)**

**If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.**

**The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.**

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**DEFENDANT:** NORMAN BOWSER
**CASE NUMBER:** DPAE2:10CR000423-001

## ADDITIONAL SUPERVISED RELEASE TERMS

1. Defendant shall participate in a program or programs of treatment and testing for drug abuse including, but not limited to, the furnishing of urine specimens, at the direction of the United States Probation Office, until such time as the defendant is released from the program or programs by the United States Probation Office;
2. Defendant shall participate in a program or programs of mental health treatment including, but not limited to, the furnishing of urine specimens, at the direction of the United States Probation Office, until such time as the defendant is released from the program or programs by the United States Probation Office;
3. Defendant shall pay the restitution imposed by this Judgment that remains unpaid at the commencement of his supervised release at the rate of not less than $25.00, per month while defendant is employed;
4. Defendant shall not incur new credit charges or open additional lines of credit without the prior approval of the United States Probation Office until his restitution is paid-in-full;
5. Defendant shall provide the United States Probation Office with access to any requested financial documents or other financial information; and,
6. Defendant shall notify the United States Probation Office of any assets received after imposition of this Order, and shall not disperse his interest in any assets including, but not limited to, income tax refunds, inheritance, insurance and lawsuit settlements, or gambling winnings, without the prior approval of the United States Probation Office.

**DEFENDANT:** NORMAN BOWSER
**CASE NUMBER:** DPAE2:10CR000423-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 300.00 | $ N/A | $ 5,111.75 |

☐ The determination of restitution is deferred ______. An *Amended Judgment in a Criminal Case* (AO 245C) will be after such determination.

X The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Target<br>2450 Shoppers Lane<br>Philadelphia, Pennsylvania<br>19150 | $5,111.75 | $5,111.75 | |
| TOTALS | $ $5,111.75 | $ $5,111.75 | |

☐ Restitution amount ordered pursuant to plea ______________

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest and it is ordered that:

X the interest requirement is waived for ☐ fine x restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

**DEFENDANT:** NORMAN BOWSER
**CASE NUMBER:** DPAE2:10CR000423-001

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

Defendant shall pay restitution in the total amount of $5,111.75. The restitution shall be due immediately. Interest on the restitution obligation is waived. Restitution payments shall be made to Clerk, U.S. District Court, Eastern District of Pennsylvania, for distribution to Target. The Court recommends that, while in custody, defendant pay his restitution pursuant to the Bureau of Prisons Inmate Financial Responsibility Program provided, however, that defendant shall pay the restitution in quarterly installments of not less than $25.00 out of his prison earnings, unless his prison earnings after payment of his special assessment are less than $25.00 a quarter, in which event, the quarterly installment shall be the amount of his prison earnings. Beginning thirty (30) days after defendant is released from custody, defendant shall pay the balance due on his restitution obligation in monthly installments of not less than $25.00 while defendant is employed.

The Court finds that defendant has sufficient assets, income and income earning potential to warrant imposition of the restitution order and payment schedule, taking into account his expenditures for food, clothing, shelter and other necessities for himself and his family.

The Court finds that defendant has insufficient assets, income and income earning potential to warrant imposition of a fine in addition to the restitution obligation. Accordingly, a fine is waived in this case.

Defendant shall pay to the United States a special assessment of $300.00, which shall be due immediately. It is recommended that defendant pay his special assessment while in custody pursuant to the Bureau of Prisons Inmate Financial Responsibility Program provided, however, that defendant shall pay the special assessment in quarterly installments of not less than $25.00 out of his prison earnings unless his prison earnings are less than $25.00 a quarter, in which event, the quarterly installment in payment of his special assessment shall be the balance of his prison earnings.

**DEFENDANT:** NORMAN BOWSER
**CASE NUMBER:** DPAE2:10CR000423-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of $________ due immediately, balance due

☐ not later than ________, or
☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal ______ (e.g., weekly, monthly, quarterly) installments of ______ over a period of ______ (e.g., months or years), to ______ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal ______ (e.g., weekly, monthly, quarterly) installments of ______ over a period of ______ (e.g., months or years), to ______ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E X Payment during the term of supervised release will commence 30 days (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time;

F X Special instructions regarding the payment of criminal monetary penalties:

See page 6.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**Joint and Several**

**Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, and corresponding payee, if appropriate.**

11/29/10 cc:
R. Janvis, esq.
P. Shapiro, esq.
Marshal
Prob -
Pretrial
J. Zing.
ST Clk.
FLU

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States: